IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CINDY NICKELL | ) | CASE NO.: 1:19-CV-00879 |
| | ) | |
| Plaintiff, | ) | JUDGE DOUGLAS R. COLE |
| | ) | |
| v. | ) | |
| | ) | **REVISED** |
| KOHL'S DEPARTMENT STORES | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| Defendant. | ) | |

This case is before the Court on the *Revised Joint Motion for Stipulated Protective Order*. The Court finds the terms set forth herein appropriate to protect the respective interests of the parties, the public, and the Court. The Joint Motion is **GRANTED**.

**IT IS ORDERED THAT:**

1. Confidential Information cannot be used or disclosed by any person or entity for any purpose whatsoever, except as permitted by this Order, and then only in the precise manner prescribed by this Order. For purposes of this Order, the phrase "*Confidential Information*" means any document, thing, electronically stored information, deposition testimony, answer to an interrogatory, response to a request for admission, or any other disclosure of information that contains or consists of confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial, business, or financial information that is not publicly available.

2. Any Confidential Information that is produced during discovery in the captioned case shall be used in connection with the prosecution and defense of the captioned case only (including in relation to the submission of motions, preparing for and conducting the trial, and

**EXHIBIT A**

preparing for and litigating any appeals). Confidential Information shall not be used for any other purpose.

3. When producing Confidential Information during discovery, the producing party shall designate the status of the produced information in the following manner:

(a). With respect to documents and other tangible items, the producing party shall conspicuously stamp or mark the documents or other items as "*CONFIDENTIAL*" and/or "*SUBJECT TO PROTECTIVE ORDER*".

(b). With respect to electronically stored information produced on physical media (e.g., on a disk), the producing party shall conspicuously inscribe or mark upon the exterior of the disk or drive the words "*CONFIDENTIAL*" and/or "*SUBJECT TO PROTECTIVE ORDER*".

(c). With respect to electronically stored information produced by email or other electronic means, the producing party shall conspicuously include in the subject line of any email and the filename of any downloadable content the words "*CONFIDENTIAL*" and/or '*SUBJECT TO PROTECTIVE ORDER*".

(d). Deposition testimony shall be deemed "*CONFIDENTIAL*" and/or "*SUBJECT TO PROTECTIVE ORDER*" only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "*CONFIDENTIAL*" and/or "*SUBJECT TO PROTECTIVE ORDER*". Thereafter, the deposition transcripts and those portions designated shall be protected as Confidential Information, pending objection, under the terms of this Order.

  (e).   If a party is uncertain as to whether something has been marked as Confidential Information, the party should contact the designating party before treating it as anything other than Confidential Information.

4.   Confidential Information may be disclosed only to the following persons, and to no others:

  (a).   The parties' lawyers;

  (b).   The parties to the lawsuit;

  (c).   Employees and outside copying services for the parties or their lawyers, but only to the extent such a disclosure is reasonably deemed necessary by such party or lawyer for the conduct of this litigation only;

  (d).   Testifying or consulting expert who is retained by a party or party's lawyer in order to assist in the conduct of the captioned case, but only to the extent that such disclosure is reasonably deemed necessary by such party or lawyer for the performance of such assistance, and provided that such expert or consultant returns all documents and materials containing Confidential Information to the producing party or party's lawyer no later than 30 days from the final termination of the captioned lawsuit, including appeals, if any;

  (e).   Persons whose testimony is taken or to be taken in this litigation, but only during the course of their actual live testimony and the preparation for that testimony, and then only to the extent that such disclosure is necessary for the conduct of this litigation, and such persons may not at any time keep or retain any copies, summaries, extracts, or portions of any Confidential Information;

  (f).   Court reporters or recorders, but only during the course of their official duties in connection with the captioned lawsuit; and

  (g).   The Court, for purposes of this litigation and any ensuing appeal.

5.   Any party may challenge another party's designation of Confidential Information. The challenger shall first meet and confer with the designating party in an attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the challenging party shall contact the Court and submit the matter to the Court for a prompt resolution. Pending such

resolution by the Court, the information in question shall continue to be treated as Confidential Information and shall be subject to all applicable protections of this Order. In the event of such a challenge, the party who designated the item in question as Confidential Information shall bear the burden of demonstrating that the item in question qualifies for that designation.

6. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1.

7. Upon obtaining an order of the Court permitting the filing of any document(s) under seal in accordance with Paragraph 6 above, all such papers filed with the Court that contain, describe, or disclose Confidential Information shall be filed in sealed envelopes and shall be placed under seal by the Clerk and shall not be disclosed except in accordance with the terms in this Order. The Clerk is directed to accept all filings submitted in conformance with this Order, if the envelopes bear the caption of this case and are conspicuously marked *"CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"* and accompanied by a signed, time-stamped copy of the order granting permission to file under seal. The parties and their lawyers shall work together to minimize the need to file documents under seal. Before any Confidential Information is filed under seal, the filing party shall first consult with the designating party to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal. Nothing in this Paragraph or this Order shall prohibit, in any way, any party from pursuing any appellate rights in the future, regardless of whether any appellate court permits the parties to file any document or items under seal.

8. During the trial of the captioned lawsuit, the parties and their counsel may use or disclose Confidential Information as part of the official trial proceedings, and trial exhibits and testimony shall not be objectionable solely because it may constitute or may have been designated as Confidential Information. No evidence or testimony shall lose its prior designation or character as Confidential Information merely by reason of its use or disclosure during official trial proceedings. If a party intends to present Confidential Information at trial, such party shall provide advance notice to the other party of five (5) days before the commencement of trial by identifying the documents or information at issue specifically as possible without divulging the actual Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

9. Confidential Information filed with the Court in this case or admitted into evidence at any hearing or trial in this case shall be included in the Court's record for purposes of appellate review, including any documents or items filed under seal pursuant to this Order.

10. No person shall make copies, scans, excerpts, notes, or summaries of documents containing Confidential Information except in accordance with the terms of this Order and then under the supervision of one of the party's lawyers, and then only when, in the judgment of such lawyer, such copies, scans, excerpts, or summaries are necessary for the conduct of this litigation. Each such copy, scan, excerpt, or summary shall be conspicuously marked with an appropriate legend signifying its status as originally designated.

11. Within 30 days after final termination of this litigation (including appeals, if any), the parties and their respective lawyers shall return to the designating party all of the designating party's Confidential Information or, at the option of the party returning the Confidential Information, destroy the Confidential Information and provide a certification to the producing

party or their counsel of such destruction. The parties' lawyers will not have to dismantle their work product to return or destroy Confidential Information, but all such Confidential Information shall be retained by counsel on a confidential basis as required by this Order until discarded.

12. Nothing in this Order is to be construed as:

(a). a limitation on any party's right to offer any particular piece of evidence or testimony in the captioned case, whether at trial, at a hearing, at a deposition, or otherwise;

(b). a waiver of any party's right to object to any discovery request;

(c). a commitment or requirement that any party produce any particular document, thing, or electronically stored information;

(d). an acknowledgment by any party or by the Court of the relevancy, discoverability, authenticity, or admissibility of any document, thing, or electronically stored information;

(e). a waiver by any party of any privilege or immunity with respect to any information or document, thing, or electronically stored information; or

(f). a limitation upon any party with respect to asking the Court for the issuance of additional or modified protective orders in connection with this or any other matter.

Furthermore, this Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

13. All persons and entities to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid any loss or inadvertent disclosure of materials containing Confidential Information.

14. All persons and entities to which Confidential Information is disclosed as permitted herein shall be bound by the terms of this Order, shall be provided with a time-stamped copy of this Order by the person making the disclosure, and shall be subject to the jurisdiction of this Court.

15. In the event of any appellate proceedings, any party wishing that Confidential Information in the lower court record remain under seal shall, within 10 days of the commencement of the appellate proceedings, move the appellate court for an order allowing Confidential Information and briefing containing any references to any such Confidential Information to be filed under seal. In the event that the appellate court grants any such motion prior to the deadline by which appellate filings are due to be filed, the parties will be required to file any appellate pleadings containing or referencing Confidential Information under seal and/or in a manner consistent with any appellate court order addressing the issue. In the event the appellate court denies any such motion prior to the deadline by which any appellate filings are due, the parties shall be free to use all parts of the lower court record during any aspect of the appellate proceedings, without regard to the previous "*CONFIDENTIAL*" designations. In the event the appellate court does not rule on any such motion prior to the deadline by which any appellate filings are due to be filed, the parties shall be free to publicly file any part of the lower court record with the appellate court, without regard to previous "*CONFIDENTIAL*" designations, so long as the filing party acknowledges that such a motion is pending and requests that the filing be deemed as filed consistent with the appellate court's ruling on the motion in the event the motion is granted.

16. Nothing in this Order shall be construed as a waiver by any party of their right to object to any discovery request or to any subpoena that may be served in connection with this litigation. This Order shall not be construed as an agreement by any party to produce any document or to supply any information and shall not constitute an admission that any document or information that may exist is relevant, admissible, or authentic. Additionally this Order shall not be construed as a waiver of any privilege or immunity with respect to any such document or

information. The parties remain able to seek further protective orders from the Court in connection with any document or information.

17. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Confidential Information is subject to protection under Fed.R.Civ.P. 26(C) or otherwise until such time as the Court may rule on a specific document or issue.

18. Upon a showing of actual harm, violations of this Order may be punished by any remedy deemed appropriate by this Court.

**IT IS SO ORDERED.**

_____
U.S. Magistrate Judge

Stipulated and agreed:

*s/ Anastasia Tipler*
Anastasia Tipler (0088788)
*Trial Attorney for Plaintiff*


*s/ Jeffrey J. Wedel*
Jeffrey J. Wedel (0041778)
*Trial Attorney for Defendant*